IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**MEESHA WILLIAMS,**

Petitioner,

v.                                                              CRIMINAL ACTION NO. 4:17-cr-61

**UNITED STATES OF AMERICA,**

Respondent.

*AMENDED MEMORANDUM OPINION AND ORDER*

Before the Court is *pro se* litigant Meesha Williams's ("Petitioner") Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255 ("2255 Motion"). Having reviewed the motions and filings, the Court finds that a hearing is not necessary to address Petitioner's motion. *See* 28 U.S.C. § 2255(b). For the reasons set forth below, Petitioner's 2255 Motion is **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 12, 2017, Petitioner was named in a three-count indictment in the Eastern District of Virginia. ECF No. 1. Petitioner was charged with one count of Conspiracy to Commit Interference with Commerce by Robbery in violation of the Hobbs Act as codified in 18 U.S.C. § 1951 (Count One); one count of Using and Carrying a Firearm During and in Relation to, and Possessing a Firearm in Furtherance of, a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A), (2) (Count Two); and one count of Conspiracy to Possess with Intent to Distribute and Distribute More than 100 Grams of Heroin in violation of 21 U.S.C. §§ 841(b)(1)(B), 846 (Count Three). On October 17, 2017, Petitioner pled guilty by plea agreement to Counts Two and Three before this Court. ECF No. 13. In the plea agreement, Petitioner waived her right to

appeal. ECF No. 14 at 3–4. The indictment and her Statement of Facts indicate that the predicate offense for Count Two is the Hobbs Act robbery charge in Count One. ECF No. 1 at 3; ECF No. 15 at ¶ 4. On January 31, 2018, Petitioner was sentenced to sixty months imprisonment on Count Three and sixty months on Count Two, to be served consecutively, for a total of 120 months imprisonment. ECF No. 26.

On September 18, 2018, Petitioner filed her 2255 Motion claiming that her conviction under Count Two should be vacated because the statute is unconstitutionally vague under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). ECF Nos. 30–31. On the same day, the Court ordered the Government to respond. ECF No. 32. On October 29, 2018, the Government filed its response in opposition. ECF No. 33. Petitioner replied on November 15, 2018, and the brief was filed on November 23, 2018. ECF No. 34. Subsequently, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") decided *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), and the United States Supreme Court decided *United States v. Davis*, 139 S. Ct. 2319 (2019). The Court ordered supplemental briefing on these cases on June 24, 2019. ECF No. 38. Both parties have since filed their memoranda. ECF Nos. 42, 44.

## II. LEGAL STANDARDS

### A. Section 2255

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Additionally, *pro se* filers are entitled to more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013).

Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a 2255 Motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999). However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which [he or she] complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

**B. Guilty Pleas' Effect on 2255 Motions**

Guilty pleas are "'grave and solemn act[s] to be accepted only with care and discernment.'" *United States v. Moussaui*, 591 F.3d 263, 278 (4th Cir. 2010) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). As such, when a defendant makes a knowing and voluntary guilty plea, that person "'waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea.'" *Id.* at 279 (quoting *United States v. Bundy*, 392 F.3d 641, 644 (4th Cir. 2004)).

3

Therefore, any statements made under oath, including during a plea colloquy, are binding on the defendant *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (citing *Blackledge v. Allison*, 431 U.S. 63, 74–75 (1977)).

A guilty plea generally limits collateral attacks to "whether the plea was counseled or voluntary." *Id.* at 1295 (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)). However, a guilty plea may be subject to collateral attack if there is a substantive change in the law, which would result in a miscarriage of justice. *United States v. Bousley*, 523 U.S. 614, 621 (1998). In such cases, a petitioner is still subject to procedural default, meaning the claim must be one of "actual innocence." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016) (citing *Wolfe v. Johnson*, 565 F.3d 140, 160 (4th Cir. 2009)). Claims based on intervening authority that narrows the statute of conviction are ones of actual innocence, but if the Government dismissed other charges as part of the plea negotiations, the petitioner must also show that he or she is actually innocent of the "underlying criminal conduct" to which he or she pleaded guilty. *Id.* at 184.

### III. DISCUSSION

#### A. As-Applied Challenge

The Government first argues that Petitioner's claim must fail because it is as-applied challenge of § 924(c)(3)(B). ECF No. 33 at 3–4. However, this argument is now meritless after the Supreme Court's decision in *Davis*, which found § 924(c)(3)(B) unconstitutional on its face. 139 S. Ct. at 2323–24.

#### B. Guilty Plea

Second, the Government contends that Petitioner cannot even proceed with her claim because her guilty plea bars relief both because she made a voluntary, knowing, and intelligent plea, and because she waived her right to appeal. ECF No. 33 at 4–7.

4

Petitioner herself does not contest the validity of her plea. What she does argue is that as a matter of law, she cannot be held criminally liable for an offense for which the statutory provision has been deemed unconstitutional. *See* ECF No. 31 at 2–3. Petitioner's claim is therefore one of "actual innocence" based on the intervening authority of *Dimaya*, *Simms*, and *Davis*. *See Bousley*, 523 U.S. at 621; *Adams*, 814 F.3d at 182. Her guilty plea and its appeal waiver do not bar her from pursuing this claim.

**C. Procedural Default**

The Government's third argument is that Petitioner's claim is procedurally barred. ECF No. 33 at 7–9. However, Petitioner is not procedurally barred from raising this claim; such an argument was arguably not available on appeal because at that time *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), had not yet been decided. Petitioner's vagueness challenge is based on a new watershed rule that was undecided at the time of appeal and Petitioner's vagueness challenge is not procedurally defaulted. *Teague v. Lane*, 489 U.S. 288, 311 (1989). A collateral attack based on new authority that narrows the construction of the statute of conviction is permissible. *Bousley*, 523 U.S. at 621; *Adams*, 814 F.3d at 182.

The Government further argues that Petitioner cannot be actually innocent of the underlying conduct, specifically the predicate offense of Count One, which it dismissed as part of the plea deal. ECF No. 33 at 9. However, this argument is based on a misunderstanding of the Fourth Circuit's ruling in *Adams*. A petitioner must be factually innocent of "underlying criminal conduct," *Adams*, 814 F.3d at 184, but that means the actual conduct of the offense. *See Royer v. United States*, 324 F. Supp. 3d 719, 733–34 (E.D. Va. 2018). The examples in *Adams* illustrate this: someone who is charged with murder and then pleads to manslaughter, or someone charged

with armed robbery and pleads to common law robbery, must show that he or she is factually innocent of robbery and homicide. *Adams*, 814 F.3d at 184. Therefore, the rule of *Adams* "appl[ies] where a defendant agrees to plead guilty in exchange for the government's filing of a less serious charge—particularly a lesser-included offense—rather than a more serious charge covering the same conduct." *Royer*, 324 F. Supp. 3d at 733.

Here, the crime at issue is Using and Carrying a Firearm During and in Relation to a Crime of Violence. The predicate act is Conspiracy to Commit Hobbs Act Robbery. Conspiracy to commit robbery is not a lesser-included offense of a § 924(c) charge. Therefore, Petitioner is not procedurally barred from pursuing her claim.

**D. Merits of the 2255 Motion**

Petitioner's § 924(c) charge is based solely on the predicate offense in Count One. The Government concedes that this charge is a Conspiracy to Commit Hobbs Act Robbery. *See* ECF No. 33 at 1. This holds true given the language of the Indictment, which alleged that Petitioner "did unlawfully combine, conspired confederate and agree to obstruct, delay, and affect commerce . . . and the movement of articles and commodities in such commerce, by robbery." ECF No. 1 at 2. The Statement of Facts also indicate that this is a conspiracy count; Petitioner did not rob anyone herself but was merely the "getaway driver" for her two co-conspirators. ECF No. 15 at ¶ 4. The Government at one point attempts to rewrite the Indictment by suggesting that Count One also charged Petitioner with Attempted Hobbs Act robbery, seemingly based on the language used in the Statement of Facts. ECF No. 33 at 9; *see* ECF No. 15 at ¶ 4. However, there is no language in the indictment that suggests Petitioner was facing an attempt charge, only the conspiracy count. *See* ECF No. 1 at 2. Similarly, the Government

analyzes her claim as if she was charged with substantive Hobbs Act robbery, which again defies the plain language of the Indictment. *See* ECF No. 33 at 10.

To the extent that the Government still relies on its argument that the Court should adopt a case-specific approach in interpreting § 924(c), *see* ECF No. 33 at 13–22, the Supreme Court has definitively stated that such a theory does not apply. *Davis*, 139 S. Ct. at 2327–36 ("It [is] clear that the [§ 924(c)] statute simply cannot support the government's newly minted case-specific theory."). The traditional categorical approach applies in § 924(c) charges. *Id.*

In short, this case is quite simple: Petitioner was convicted on Count Two based on the predicate act of Count One, conspiracy to commit Hobbs Act robbery. A conspiracy to commit Hobbs Act Robbery can only be a predicate offense for a § 924(c) charge if it falls under § 924(c)(3)(B). *Simms*, 914 F.3d at 233–34. Section 924(c)(3)(B) is void for vagueness. *Davis*, 139 S. Ct. at 2323–24. Therefore, Petitioner's conviction under Count Two is based on an unconstitutional statutory provision.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it is clear from the pleadings and filings that Petitioner is entitled to relief. Accordingly, Petitioner's 2255 Motion is **GRANTED**. Petitioner's conviction and sentence on Count Two are **VACATED**, and the judgment against Petitioner will be amended to reflect this..

The Court **DIRECTS** the Clerk to provide a copy of this Order to all Parties.

**IT IS SO ORDERED**.

Newport News, Virginia
August _15_, 2019

Raymond A. Jackson
United States District Judge

7